UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

CASE NO:

GARY RAMBO, and
ZACHARY CROUSE,

    Plaintiff(s),

v.

GLOBAL DIVERSIFIED, INC.,
a Michigan corporation,
AMY MILLER, individually, and
JASON MILLER, individually,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiffs, GARY RAMBO and ZACHARY CROUSE ("Plaintiffs"), pursuant to *29 U.S.C. § 216(b)*, file this Complaint for Damages and Demand for Jury Trial against Defendants, GLOBAL DIVERSIFIED, INC. ("GLOBAL"), AMY MILLER ("A. MILLER") and JASON MILLER ("J. MILLER") (collectively referred to hereinafter as "Defendants"), and allege as follows:

### INTRODUCTION

1. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to seek redress for Defendants' violations of the FLSA against this Plaintiffs during the course of their employment.

### PARTIES

2. During times material hereto, Plaintiff, GARY RAMBO, resided in Bureau County, Illinois, was over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Plaintiff, ZACHARY CROUSE, was a resident of Menard County, Illinois, over the age of 18 years, and otherwise *sui juris.*

4. Defendant, GLOBAL, is a Michigan corporation with its principal place of business in Saline, Michigan.

5. During all times material hereto, Defendant, J. MILLER, was over 18 years old, the chief operating officer of Defendant, GLOBAL, and was vested with the authority to hire, fire, and discipline GLOBAL employees, including Plaintiffs. Furthermore, during all times material hereto, Defendant, J. MILLER, determined, approved, and administered the payroll practices for GLOBAL, including the issuance of Plaintiffs' payment. Accordingly, Defendant, J. MILLER, was Plaintiffs' joint employer, as defined by *29 U.S.C. § 203(d)*.

6. During all times material hereto, Defendant, A. MILLER, was over 18 years old, was the President of Defendant, GLOBAL, and was vested with the authority to hire, fire, and discipline GLOBAL employees, including Plaintiffs. Furthermore, during all times material hereto, Defendant, A. MILLER was one of Plaintiffs' supervisors and also regularly administered Plaintiffs' payroll. Accordingly, Defendant, A. MILLER, was Plaintiffs' joint employer, as defined by *29 U.S.C. § 203(d)*.

7. During all times pertinent hereto, Plaintiffs were dependent upon Defendants, GLOBAL, J. MILLER and A. MILLER for their employment, as these Defendants collectively supervised, directed, and controlled Plaintiffs' day-to-day responsibilities, and used Plaintiffs' work in furtherance of their business objectives.

## JURISDICTION AND VENUE

8. A substantial amount of the acts and omissions giving rise to this dispute took place within Bureau County, Illinois, within the jurisdiction of this Honorable Court.

9. Jurisdiction is proper within the Central District of Illinois pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

10. Venue is proper within the Central District of Illinois pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)(2)*.

## GENERAL ALLEGATIONS

11. Defendant, GLOBAL, specializes in cellular tower construction and maintenance, commercial and residential land development and property management throughout the State of Illinois and the State of Michigan.

12. Defendant, GLOBAL, was founded by Defendants, J. MILLER and A. MILLER.

13. During all material times hereto, Defendants employed Plaintiffs as non-exempt, hourly laborers.

14. During times material hereto, Plaintiffs (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of importance on behalf of GLOBAL; and (iii) were not required to possess any advanced training, skill, or prolonged education in order to perform any of their primary duties and responsibilities.

15. On February 3, 2020, Plaintiff, GARY RAMBO began working for Defendants in a laborer position as an hourly, non-exempt Power Hand and Welder. Defendants employed Plaintiff, GARY RAMBO through on or about August 30, 2020.

16. On July 3, 2020, Plaintiff, ZACHARY CROUSE began working for Defendants in a laborer position as an hourly, non-exempt Power Hand and Welder. Defendants employed Plaintiff, ZACHARY CROUSE through on or about September 4, 2020.

17. Plaintiffs were economically dependent upon Defendants and were subject to the control of Defendants during all pertinent time periods of their employment.

18. During Plaintiffs' employment periods, they worked an average of seventy to eighty (70-80) hours per week.

19. During GARY RAMBO's employment period, Defendants paid him $30.00 per hour.

20. During ZACHARY CROUSE's employment period, Defendants paid him $16.00 per hour.

21. Moreover, during times material hereto, Defendants paid ZACHARY CROUSE in cash and did not remove proper taxes or withholding from his wages.

22. Defendants failed to compensate Plaintiffs at or above the applicable federal overtime wage in one (1) or more workweeks when Plaintiffs worked more than forty (40) hours within the previous three (3) years.

23. During times material hereto, Defendants' time keeping system limited the number of overtime hours that Plaintiff, GARY RAMBO, was able to record and obtain on a weekly basis. However, Defendants, J. MILLER and A. MILLER, required Plaintiff, GARY RAMBO, to work beyond what he was capable of recording on Defendants' time keeping system and refused to pay Plaintiff, GARY RAMBO, for all accrued overtime compensation.

24. During all times material hereto, Defendants did not maintain any time records for Plaintiff, ZACHARY CROUSE. Indeed. Defendants refused to pay Plaintiff, ZACHARY CROUSE

for all of his accrued overtime compensation throughout his employment period, despite regularly working seventy to eighty (70-80) hours per week.

25. The wage violations committed by Defendants were willful and/or intentional, as Defendants knew of the overtime wage requirements of the FLSA and recklessly or intentionally failed to compensate Plaintiffs in accordance with such requirements.

26. Defendants failed to properly maintain records of hours actually worked by Plaintiffs and other similarly situated employees.

27. Defendants, GLOBAL, J. MILLER and A. MILLER hired Plaintiffs, controlled the hours Plaintiffs worked, and assigned Plaintiff with duties and responsibilities. Therefore, Defendants, GLOBAL, J. MILLER and A. MILLER are jointly and severally liable for the FLSA violations alleged herein.

28. As a result of the intentional and willful conduct alleged herein, Plaintiffs have been required to retain the undersigned law firm and are therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims under the FLSA.

## FLSA COVERAGE

29. During all times material hereto, GLOBAL was covered under the FLSA through enterprise coverage, as GLOBAL was engaged in interstate commerce during all time periods in which Plaintiffs were employed. More specifically, during all times material hereto, GLOBAL'S business and Plaintiffs' work for GLOBAL affected interstate commerce because the goods and materials Plaintiffs and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiffs' use of the same. Accordingly, GLOBAL was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A).*

30. During their employment with Defendant, GLOBAL, Plaintiffs and other employees similarly situated regularly handled goods and/or materials on a constant and/or continuous basis that moved through interstate commerce, including, but not limited to the following: torque wrenches, crimping tools, laser rangefinders, antennas, fiber optic cables, cable prep tools, inspection kits, hammers, nails, shovels, screws, drills, portable control adapters, antenna alignment tools, frequency machines, wire rope grips, anemometers, distance meters, dynamometers, rope reels, spindles, harnesses, ladders, etc.

31. Defendant, GLOBAL, regularly employed two (2) or more employees for the relevant time period, and these employees regularly handled the same or similar goods and materials to those goods and materials handled by Plaintiffs, thus making Defendant, GLOBAL, an enterprise covered by the FLSA.

32. Upon information and belief, Defendant, GLOBAL, grossed or did business in excess of $500,000.00 during the years of 2017, 2018, 2019, and on information and belief, is expected to gross in excess of $500,000.00 in 2020.

33. During their employment periods, Plaintiffs were regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce, or in the maintenance of instrumentalities of interstate commerce, and are therefore covered under the FLSA through individual coverage. More specifically, Plaintiffs regularly and recurrently constructed and repaired cellular towers which are regularly and recurrently used in interstate commerce and/or constitute an instrumentality of interstate commerce.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207***
**(Gary Rambo Against All Defendants)**

34. Plaintiff, GARY RAMBO re-alleges and re-avers Paragraphs 1 through 33 as though set forth fully herein.

35. Plaintiff, GARY RAMBO alleges this action pursuant to the FLSA, *29 U.S.C. § 216(b).*

36. Defendants failed to pay Plaintiff, GARY RAMBO at least $45.00 per hour for all hours worked above forty (40) during his employment period.

37. Defendants willfully and intentionally refused to pay GARY RAMBO's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime wage requirements of the Fair Labor Standards Act and recklessly or intentionally failed to compensate GARY RAMBO in accordance with such requirements.

38. Defendants' willful and/or intentional violations of federal wage law entitle GARY RAMBO to an additional amount of liquidated, or double, damages, plus reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, GARY RAMBO, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, GLOBAL DIVERSIFIED, INC., JASON MILLER and AMY MILLER, and award GARY RAMBO: (a) unpaid overtime wages to be paid by Defendants, jointly and severally; (b) liquidated damages as provided by the FLSA to be paid by the Defendants, jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

### COUNT II – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*
**(Zachary Crouse Against All Defendants)**

39. Plaintiff, ZACHARY CROUSE re-alleges and re-avers Paragraphs 1 through 33 as though set forth fully herein.

40. Plaintiff , ZACHARY CROUSE alleges this action pursuant to the FLSA, *29 U.S.C. § 216(b).*

41. Defendants failed to pay Plaintiff, ZACHARY CROUSE at least $24.00 per hour for all hours worked above forty (40) during his employment period.

42. Defendants willfully and intentionally refused to pay ZACHARY CROUSE overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime wage requirements of the Fair Labor Standards Act and recklessly or intentionally failed to compensate ZACHARY CROUSE in accordance with such requirements.

43. Defendants' willful and/or intentional violations of federal wage law entitle ZACHARY CROUSE to an additional amount of liquidated, or double, damages, plus reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ZACHARY CROUSE, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, GLOBAL DIVERSIFIED, INC., JASON MILLER and AMY MILLER, and award ZACHARY CROUSE: (a) unpaid overtime wages to be paid by Defendants, jointly and severally; (b) liquidated damages as provided by the FLSA to be paid by the Defendants, jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs, GARY RAMBO and ZACHARY CROUSE, hereby demand a trial by jury on all appropriate claims.

**Dated this 6th day of October 2020.**

                          Respectfully Submitted,

                          **JORDAN RICHARDS, PLLC**
                          805 E. Broward Blvd. Suite 301
                          Fort Lauderdale, Florida 33301
                          Ph: (954) 871-0050
                          *Counsel for Plaintiffs*

                          By: */s/ Jordan Richards*
                          JORDAN RICHARDS, ESQUIRE
                          Illinois Bar No. 6328923
                          jordan@jordanrichardspllc.com
                          melissa@jordanricharsdspllc.com
                          jake@jordanrichardspllc.com

## **CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 6th day of October, 2020.

                          By: */s/ Jordan Richards*
                          JORDAN RICHARDS, ESQUIRE
                          Illinois Bar No. 6328923

## **SERVICE LIST:**